

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 1:08-CR 36** |
| | § | |
| **JOSEPH EBRON** | § | |

## REPORT AND RECOMMENDATION ON DEFENSE COUNSEL'S MOTION TO WITHDRAW FROM REPRESENTATION AS TO COUNT ONE OF THE INDICTMENT AND FOR IMMEDIATE APPOINTMENT OF APPELLATE COUNSEL

Counsel for Defendant Joseph Ebron has filed their Motion to Withdraw From Representation as to Count One of the Indictment and for Immediate Appointment of Appellate Counsel. [Clerk's doc. #171, 173] This matter was referred to this court by the District Court for hearing, consideration, and a recommended disposition. *See Referral Order*; 28 U.S.C. § 636(b)(1)(B); Local Rules, Appendix B.

### Background

On August 15, 2007, Defendant Joseph Ebron was indicted in a two-count indictment returned by a grand jury sitting in the Eastern District of Texas. [Clerk's doc. #2]. Count 1 of the indictment charged Defendant with the murder of an inmate who was housed at the Federal

Correctional Complex in Beaumont, Texas, in violation of Title 18, United States Code, Sections 1111 and 2. Count 2 of the indictment charged Defendant with conspiring with other individuals to murder the inmate, in violation of Title 18, United States Code, Sections 1117, 1111, and 2. Ms. Katherine Scardino and Mr. Jimmy Phillips, Jr. were appointed to represent Defendant. The Government subsequently filed its Notice of Intention to Seek the Death Penalty as to Count 1 of the Indictment [Clerk's doc. #40]. The matter proceeded to trial on April 20, 2009. [Clerk's doc #108]. On May 11, 2009, the jury returned a verdict of guilty on both counts of the Indictment [Clerk's doc. #151]. On May 18, 2009, the jury returned a verdict for the death penalty as to Count 1 of the Indictment and Defendant was sentenced in accordance with the verdict [Clerk's doc. #177].

On May 19, 2009, trial counsel for Defendant filed the instant motion [Clerk's doc. #171, 173]. In their motion, counsel for Defendant request to withdraw from their representation of Defendant with respect to Count 1 of the indictment. Counsel advised the court that they were willing to continue to represent Defendant with respect to count 2 of the Indictment until sentencing. Counsel contends that it would be in the best interest of their client if he had the services of experienced, new, and independent appellate counsel.

On June 26, 2009, the District Court sentenced Defendant to life imprisonment on Count 2 of the Indictment [Clerk's doc. #196] and a judgment was entered on that day [Clerk's doc. #198]. Defendant filed his notice of appeal on June 28, 2009 [Clerk's doc. #197].

## Defense Counsel's Motion

As stated above, counsel for Defendant ask that they be allowed to withdraw from representing Defendant on appeal and request that new counsel be appointed. This Court realizes

that representing a defendant in a potential capital case is time-consuming and expensive. *See United States v. Massino,* 302 F. Supp. 2d 1 (E.D.N.Y. 2003), *citing Subcomm. on Fed. Death Penalty Cases, Comm. On Defender Servs., Judicial Conference of the United States, Fed. Death Penalty Cases: Recommendations Concerning the Cost and Quality of Defense Representation ("Spencer Report")* at 3, 4-6, 9-10 (1988). Balanced against this consideration is the knowledge that the Criminal Justice Act ("CJA") funds are limited and the need, and indeed the obligation, of the courts to be good stewards of the public's money.

After reviewing the record, this Court finds that allowing both trial counsel to withdraw would increase the costs of representation and possibly be of detriment to Defendant. Newly appointed appellate counsel would be forced to search a voluminous record, without the assistance of trial counsel, to locate potential errors at trial to assert on appeal. Therefore, this Court finds that one trial counsel should remain as appellate counsel. This Court recommends that Ms. Scardino be allowed to withdraw and that the motion to withdraw be denied as to Mr. Phillips.

This Court has been in contact with Mr. Henry J. Bemporad who is the Federal Public Defender for the Western District of Texas. Mr. Bemporad has agreed to serve as appellate counsel in this matter along with Mr. Phillips. Mr. Bemporad has been highly recommended for appointment in this case by the Federal Capital Appellate Resource Counsel of the Office of the Federal Public Defender and by the Office of Defender Services, Administrative Office of the U.S. Courts. This Court has determined that Mr. Bemporad is highly qualified and that his appointment in this case and the retention of Mr. Phillips as counsel would ensure that Defendant receives representation of the highest quality.

**Recommendation**

Accordingly, it is the recommendation of the undersigned United States Magistrate Judge that the District Court grant the Motion to Withdraw From Representation as to Count One of the Indictment and for Immediate Appointment of Appellate Counsel [#171] in part, allowing Ms. Scardino to withdraw as counsel, and deny it in part, retaining Mr. Phillips as counsel for purposes of the appeal. The Court further recommends that the motion for appointment [#173] be granted and that Mr. Henry J. Bemporad, the Federal Public Defender for the Western District of Texas, be appointed as co-counsel for Defendant on appeal.

**Objections**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 30th day of June, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE